534 December 13, 2023 No. 655

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. A. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. W.,
*Appellant.*

Malheur County Circuit Court
22JU02515; A181173 (Control)

In the Matter of S. S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. W.,
*Appellant.*

Malheur County Circuit Court
22JU02517; A181174

Erin K. Landis, Judge.

Submitted November 15, 2023.

Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

AOYAGI, P. J.

Father appeals a judgment terminating his parental rights to two children, H, born August 2014, and K, born March 2016. The children have been in care since June 2020. The judgment terminating father's parental rights was entered in March 2023 and amended in May 2023. On appeal, in two assignments of error, father challenges the termination of his parental rights, arguing that the juvenile court erred in finding that termination was in the children's best interests.

One of the requirements that must be met before a court may terminate parental rights—and the only requirement at issue in this appeal—is that termination must be found to be in the child's best interests. ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated *** only upon a petition filed *** for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward ***."). We do not presume that adoption is the best outcome for every child who lacks fit parents. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 161, 442 P3d 1100 (2019). Rather, the court must consider the needs and circumstances of the individual child. *Id.* at 163, 166. Termination is appropriate only if the court concludes that "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

We review a judgment terminating parental rights *de novo*. ORS 419A.200(6); ORS 19.415(3). Thus, we must determine for ourselves whether it is in the children's best interests to terminate father's parental rights. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019).

Father argues that termination is not in the children's best interests, because the children are emotionally bonded to him. He also argues that the evidence is insufficient to establish that the children's permanency needs cannot be met without terminating his parental rights. Having

reviewed the record, we agree with the juvenile court that, at this point, the termination of father's parental rights is in H's and K's best interests. Although there is evidence of an emotional bond, there is also evidence that that bond is not necessarily healthy for the children. We are also particularly persuaded by the evidence regarding these children's needs for permanency after three years in temporary care, the lack of any identified guardianship resource for them, and the significant risk of parental interference with a guardianship even if a guardian could be identified. On the whole, being freed for adoption is in H's and K's best interests. Accordingly, we affirm the judgments terminating father's rights.

Affirmed.